UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICK A. SLORP<br>5599 Coogan Place<br>Dublin, Ohio 43016,<br><br>  Plaintiff,<br><br>v.<br><br>Reimer Law Co.<br>c/o Dennis Reimer<br>30455 Solon Rd.<br>Solon, OH 44139,<br><br>BANK OF AMERICA, N.A.<br>c/o CT Corporation System<br>150 Fayetteville Street., P.O. Box 1011<br>Raleigh, NC 27601<br><br>  Defendants. | CIVIL ACTION NO. 2:18-CV-703<br><br>JUDGE:<br><br>MAGISTRATE JUDGE:<br><br><br><br>**JURY DEMAND ENDORSED HEREON** |

**COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF**

**I.   PRELIMINARY STATEMENT**

1. Plaintiff institutes this action for actual damages, statutory damages, attorney's fees, and the costs of this action against Defendant Reimer Law Co. ("Reimer") and Defendant Bank of America, N.A. ("BANA") for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* for illegal actions taken in pursuit of an attempt to collect a debt in a state foreclosure case.

**II.   JURISDICTION & VENUE**

2. This Court has jurisdiction pursuant to the Fair Debt Collections Practices Act, 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331 and 1337.

3. This Court has personal jurisdiction over Defendant because Defendant transacts business within this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

4. Venue is proper in the United States District Court for the Southern District of Ohio because Defendant conducts business in this District, and the act which gave rise to this lawsuit occurred in this District.

### III. PARTIES

5. Plaintiff Rick A. Slorp is a natural person currently residing within this Court's jurisdiction at 5599 Coogan Place, Dublin, Ohio 43016.

6. Defendant BANA is a national association.

7. Defendant Reimer is a legal professional association (law firm) that represented Defendant BANA and its predecessors in a foreclosure action against Plaintiff.

8. At all times relevant to this transaction, Plaintiff Rick A. Slorp was and is a **Consumer** within the meaning of 15 U.S.C. § 1692a(3).

9. At all times relevant to this transaction, Defendant Reimer was and is a **Debt Collector** within the meaning of 15 U.S.C. § 1692a(6), as it regularly collects or attempts to collect debts owed or due another.

10. At all times relevant to this transaction, Defendant Reimer was and is a **Debt Collector** within the meaning of 15 U.S.C. § 1692a(6), as it regularly acts as a third party collection agent for debts owed to others.

11. At all times relevant to this transaction, Defendant BANA was and is a **Debt Collector** within the meaning of 15 U.S.C. § 1692a(6), as it regularly collects or attempts to collect debts owed or due another.

12. At all times relevant to this transaction, Defendant BANA was and is a **Debt Collector** within the meaning of 15 U.S.C. § 1692a(6), as it is engaged in business the principal purpose of which is the collection of any debts.

IV. **FACTUAL ALLEGATIONS**

13. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully rewritten herein.

14. On July 1, 2015, Defendant BANA filed a foreclosure action in state court against Plaintiff.

15. BANA employed Defendant law firm Reimer to represent it during this foreclosure action.

16. Reimer is an agent of BANA and therefore BANA is liable for any actions or filings made by Reimer pursuant to its representation of BANA.

17. On September 22, 2017, BANA obtained a judgment against Plaintiff.

18. On November 30, 2017, BANA, through its attorneys filed a "Motion for Order Authorizing Private Selling Officer to Sell Real Estate." (Attached as Exhibit A).

19. Despite its title, BANA and its attorneys were attempting to take actions that it was not legally entitled to take.

20. BANA's Motion was intended to appoint a private selling officer to conduct the foreclosure auction online, as opposed to a physical location.

21. BANA attempted to bypass the minimum bid requirements on R.C. 2329.20, which require the land sold in a foreclosure auction to be sold for at least two-thirds the amount of the appraised value.

22. R.C. 2329.52(B) clearly states that "when a residential property is ordered to be sold pursuant to a residential mortgage loan foreclosure action, and the sale will be held at a physical location and not online, and if the property remains unsold after the first auction, then a second auction shall be held and the property shall be sold to the highest bidder without regard to the minimum bid requirement in section 2329.20 of the Revised Code, but subject to section 2329.21 of the Revised Code relating to costs, allowances, and real estate taxes."

23. In BANA's Motion, BANA sought to sell the property online, but requested that "if the Property… is auctioned online and remains unsold after the first auction … then the court directs a second online auction … without regard to the minimum bid requirement."

24. BANA's request is clearly illegal.

25. Next, BANA requests to have the right to redeem the property within fourteen days of the sale.

26. Under Ohio law, the debtor enjoys the right of redemption under R.C. 2329.33.

27. With no legal justification, BANA requested the trial court to grant it the ability to redeem the property within fourteen days of the sale.

28. BANA also requested that the state court reappraise the property or direct the amount the property should be sold for without the property first being appraised, advertised, and offered for sale and the property goes unsold for want of bidders, as required by R.C. 2329.52(A).

29. The plain language of the statute requires that a motion for a new appraisal and sale or motion to direct the amount for which the property be sold may only occur after the property has first gone up to auction once, and remains unsold for a want of bidders.

4

30. BANA, through its attorneys, attempted to slide these three requests into a seemingly innocuous "Motion for Order Authorizing Private Selling Officer to Sell Real Estate."

31. After Plaintiff opposed this Motion, BANA and its attorneys immediately withdrew the prior motion and filed a second motion, this time only requesting that the trial court issue an order authorizing a private selling officer, thereby conceding that they had taken illegal actions in order to collect on a debt.

32. Plaintiff incurred legal fees related to research and opposition of the Motion in the amount of $902.00.

V.     COUNT I – FDCPA

33. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully rewritten herein.

34. Plaintiff is a **consumer.**

35. Defendants BANA and Reimer are **debt collectors** as defined by 15 U.S.C 1692a(6).

36. The subject mortgage loan is a **debt** as defined by 1692a(5).

37. Defendant BANA acquired the alleged mortgage loan after it was in default.

38. Defendant BANA treated the mortgage loan as though it was in default when it acquired the mortgage loan.

39. The actions described above constitute a violation of the FDCPA at 15 U.S.C. 1692, *et seq.*

40. The note at issue in the state foreclosure matter was allegedly an obligation of Plaintiff to pay money in return for the loan to purchase his primary residence.

41. Defendants Reimer's and BANA's actions of filing a Motion requesting the state court to bypass the minimum bid requirements of Ohio's law is a deceptive and/or misleading practice in an attempt to collect a debt, in violation of the FDCPA, 15 U.S.C. § 1692e.

42. Defendants Reimer's and BANA's actions of filing a Motion requesting the state court to reappraise the property or direct the amount the property should be sold for without the property first being appraised, advertised, and offered for sale and the property goes unsold for want of bidder is a deceptive and/or misleading practice in an attempt to collect a debt, in violation of the FDCPA, 15 U.S.C. § 1692e.

43. Defendants Reimer's and BANA's actions of filing a Motion requesting the court to grant BANA the right to redeem the property within fourteen days of the sale is a deceptive and/or misleading practice in an attempt to collect a debt, in violation of the FDCPA, 15 U.S.C. § 1692e.

44. Defendants Reimer's and BANA's actions of filing a Motion requesting the state court to bypass the minimum bid requirements of Ohio's law is an unfair or unconscionable means to collect a debt in violation of 15 U.S.C. § 1692f.

45. Defendants Reimer's and BANA's actions of filing a Motion requesting the state court to reappraise the property or direct the amount the property should be sold for without the property first being appraised, advertised, and offered for sale and the property goes unsold for want of bidder is an unfair or unconscionable means to collect a debt in violation of 15 U.S.C. § 1692f.

46. Defendants Reimer's and BANA's actions of filing a Motion requesting the court to grant BANA the right to redeem the property within fourteen days of the sale is an unfair or unconscionable means to collect a debt in violation of 15 U.S.C. § 1692f.

47. Defendants Reimer's and BANA's motion discussed above constitutes a threat to take action that could not legally be taken, in violation of 15 U.S.C. § 1692e(5).

48. Defendants Reimer and BANA are liable to Plaintiff under this Count for its FDCPA violations in an amount equal to or greater than: actual damages in the amount of $902.00 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of $1,000, 15 U.S.C. § 1692k(a)(2)(A); and attorneys fees and the costs of this action, 15 U.S.C. § 1692k(a)(3).

## VI.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays the Court:

    A.    Assume jurisdiction of this case;

    B.    Award Plaintiff actual damages in the amount of $902.00 pursuant to 15 U.S.C. § 1692k(a)(1);

    C.    Award Plaintiff statutory damages in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    D.    Award Plaintiff attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3);

    E.    Award such other relief the Court deems appropriate.

Dated: July 18, 2018

                                            Respectfully Submitted,
                                            DOUCET & ASSOCIATES CO., LPA

                                            */s/ Christopher J. Gant*
                                            Christopher J. Gant (0095730)
                                            *Attorney for Plaintiff Rick A. Slorp*
                                            700 Stonehenge Parkway, Suite 2B
                                            Dublin, Ohio 43017
                                            PH (614) 944-5219
                                            FAX (818) 638-5548
                                            gant@Doucet.Law

## JURY TRIAL DEMANDED

Plaintiff respectfully requests a jury trial on all triable issues.

*/s/ Christopher J. Gant*
Christopher J. Gant (0095730)
